Appeal No. 25-12181-EE
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

DON KARL JURAVIN,
ANNA JURAVIN

       Appellants,

v.

BELLA COLLINA PROPERTY OWNERS ASSOCIATION INC.,
DENNIS D. KENNEDY

       Appellees.
_____

Appeal from the United States District Court for the Middle District of Florida
No. 5:24-cv-00597-GAP

Secondary Case Adv. Pro. No. 6:21-ap-00103-LVV
Primary Case No. 6:18-bk-6821-LVV
_____

APPELANT'S RESPONSE TO JURISDICTIONAL QUESTION
_____

Dated: August 12, 2025.

                                        _____***Don Karl Juravin***_____/
                                            Don Karl Juravin /*Pro Se Appellant*/
                                                        11437 Linden Depot Rd
                                                             San Antonio, FL 33756
                                                                   Don@Juravin.com
                                                                        (813) 810-5100

Introduction

Appellant, Don Karl Juravin, respectfully submits this response to the Court's Jurisdictional inquiry regarding the timeliness of the appeal from the Bankruptcy Court's judgment. While Appellees assert that the appeal was untimely, they fail to acknowledge the well-established legal doctrine of equitable tolling, which is specifically designed to ensure fairness when parties face extraordinary circumstances that hinder their ability to comply with procedural deadlines.

As a pro se litigant, Appellant was significantly impacted by the sudden and uncommunicated change in filing rules by the Bankruptcy Court, which prevented him from complying with the new procedures in the manner required. The lack of timely notice of the change in filing procedures created an extraordinary circumstance that justifies the application of equitable tolling to allow the appeal to proceed despite the docketing delay.

Timeline of Events:

- February 26, 2024: The Bankruptcy Judge concluded the scheduled 5-day trial concerning consolidated proceedings.
- July 2024: Appellant lost his home and relocated from Lake County to Pasco County and promptly notified the Court of his new address on October 27, 2024. Despite these notifications, critical rulings and notices were sent to

outdated addresses and failed to reach Debtor/Appellant, including the absence of electronic notice via the Bankruptcy Noticing Center (BNC).

- August 21, 2024: Effective September 3, 2024, the Bankruptcy Court changed its rules, prohibiting pro se parties from filing documents via fax or email. Appellant (Debtor) was not given notice of this change.

- October 1, 2024: The final judgment was docketed by Bankruptcy Court.

- October 14, 2024: Appellant emailed the notice of appeal to the Bankruptcy Court, as he had done with multiple papers previously in the case for years. The notice of appeal was timely filed in accordance with Fed. R. Bankr. P. 8002. Emailed copy of the notice of appeal is attached as Exhibit 1.

- October 29, 2024: The Chief Judge in Tallahassee signed an amended order regarding protocols for processing bankruptcy appeals. Appellant was not aware of this change.

- November 1, 2024: After review, the Bankruptcy Court issued an order conditionally docketing the notice of appeal submitted to the court on October 14, 2024.

- On November 1, 2024, the fees for appeal were delivered to the Clerk of the Bankruptcy Court and docketed three days later, on November 4, 2024. Proof of delivery is attached as Exhibit 2.

- On November 14, 2024, Appellant mailed the Designation of Records and Statement of Issue via overnight FedEx with scheduled delivery on Friday. The delay in delivery until November 18, 2024 (Monday), was due to intervening non-business days and logistical issues with the carrier. These delays should not penalize Appellant.
- November 20, 2024: The Bankruptcy Court dismissed the appeal (citing untimeliness and the failure to pay the filing fee, which were delivered on the same day the Bankruptcy Court docketed the notice of appeal, on November 1, 2024). The copy of the dismissing Order reached Debtor/Appellant only on November 29, 2024, leaving insufficient time to respond within the 14-day window provided under FRBP 8002. Under FRBP 8011 and Local Rule 2002-1, notices must be effectively served. The Court failed to provide electronic notice via the Bankruptcy Noticing Center, depriving Debtor of timely updates, which significantly delayed Debtor/Appellant's ability to comply with deadlines. FRBP 9006(f) grants an additional three days for responses when notices are served by mail.
- December 4, 2024: Appellant filed a motion for reconsideration of the dismissal with the Bankruptcy Court.
- December 10, 2024: The Bankruptcy Court issued an order directing the clerk to transmit the motion for reconsideration and record to District Court

4

- January 6, 2025: The District Court ruled on the motion for reconsideration, allowing the appeal to proceed and setting new deadlines for the case.

1. The Well-Established Doctrine of Equitable Tolling

Appellees' assertion that equitable tolling does not apply here is incorrect. Equitable tolling is a recognized legal remedy under federal law, and it applies in cases where extraordinary circumstances, such as lack of notice or miscommunication about filing rules, prevent a party from complying with deadlines. This principle is firmly established in Eleventh Circuit case law and is routinely applied in situations involving pro se litigants who are hindered by procedural errors outside their control.

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990)

The Supreme Court in Irwin v. Department of Veterans Affairs clarified that equitable tolling applies when a party is hindered by circumstances beyond their control, such as lack of notice or misleading information about procedural rules. In Irwin, the Court held that equitable tolling could extend the time for filing an appeal when a party is prevented from timely filing due to factors outside their control. In this case, the failure to notify Appellant of the change in filing procedures until after he had filed his notice of appeal directly impacted his ability to comply with the new rules.

*Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999)

In Sandvik v. United States, the Eleventh Circuit held that equitable tolling is appropriate when extraordinary circumstances prevent a party from filing on time. The Court emphasized that pro se litigants should be given greater leniency when they face difficulties such as lack of notice or unclear procedural rules. This case is particularly relevant to the Appellant, who relied in good faith on prior filing procedures and was not notified in time about the change.

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (cited in *Lawrence v. Florida*, 421 F.3d 1221 (11th Cir. 2005))

In Zipes, the Supreme Court confirmed that equitable tolling applies to filing deadlines under Title VII and other statutes. The Eleventh Circuit in *Lawrence v. Florida*, 421 F.3d 1221 (11th Cir. 2005), applied this principle to allow tolling for pro se litigants when lack of notice or miscommunication hinders timely filing.

2. Appellant Acted in Good Faith and Timely Filed the Appeal

Appellant filed the notice of appeal on October 14, 2024, within the 14-day period prescribed by Fed. R. Bankr. P. 8002. The notice was filed electronically, in accordance with the previous Court procedures that allowed pro se litigants to submit filings by email. At the time of filing, Appellant reasonably relied on these

established procedures, which had been in place for pro se litigants for an extended period.

The Appellees' argument that the appeal was untimely ignores the fact that the Appellant's reliance on the prior filing procedures was entirely reasonable and in good faith. The lack of timely notice regarding the change in filing rules should be considered an extraordinary circumstance justifying the application of equitable tolling.

3. Lack of Timely Notice Regarding Rule Change

The Bankruptcy Court's change in filing rules, effective September 3, 2024, prohibited unrepresented parties from filing via email or fax. However, Appellant was not timely notified of this change and continued to rely on the previous procedures for submitting documents. This failure to provide adequate notice of the change in filing rules prevented the Appellant from filing in the manner required by the new rules.

In Irwin, the Supreme Court held that equitable tolling is warranted when a party is hindered by lack of notice or is unaware of procedural changes. The failure to inform the Appellant about the change in filing procedures directly affected his ability to comply with the new rules, and this delay in notice should be considered an extraordinary circumstance justifying equitable tolling.

4. Procedural Confusion and Docketing Delay Should Not Bar the Appeal

The delay in docketing the appeal is a procedural issue that should not bar Appellant's right to appeal. In Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), the Supreme Court emphasized that procedural delays should not affect jurisdiction when a litigant has made reasonable efforts to comply with the rules and when the delay is the result of external circumstances, such as confusion or a lack of notice. The Appellant's filing with the Bankruptcy Court on October 14, 2024, within the prescribed deadline, demonstrates that the delay was caused by procedural confusion, not negligence on the part of the Appellant.

Appellant acted in good faith, filed the notice within the required timeframe, and should not be penalized for the delay caused by procedural confusion and the lack of timely notice regarding the change in filing rules.

## Conclusion

For the reasons outlined above, Appellant respectfully requests that this Court find that the District Court had jurisdiction over the Bankruptcy Court's judgment. The notice of appeal was filed on time, in accordance with the Court's prior procedures, and any delay in docketing was the result of a sudden rule change and Appellant's lack of timely notice. Appellant acted in good faith and made every effort to comply with the applicable filing rules.

Appellant respectfully requests that the appeal be allowed to proceed in the interest of fairness and due process, particularly considering the challenges faced by pro se litigants in navigating the court's complex procedural requirements.

CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2). The motion contains 1496 words, including the parts exempted by Rule 32(f), and has been prepared in Times New Roman font, size 14.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all parties of record via electronic mail on August 12, 2025.

***Don Karl Juravin***_____/
Don Karl Juravin /*Pro Se Appellant*/
11437 Linden Depot Rd
San Antonio, FL 33756
Don@Juravin.com
(813) 810-5100

# EXHIBIT 1

   Don Juravin <don@juravin.com>

# Notice of appeal

**Don Juravin** <Don@juravin.com>                                    Mon, Oct 14, 2024 at 11:54 PM
To: FLMBml_Intake_OrlandoB <flmb-intake-orlando@flmb.uscourts.gov>
Cc: Brad Saxton <BSaxton@whww.com>, James Timko <jtimko@deanmead.com>, James Ryan <jdr@ryanlawgroup.net>

Dear Clerk,

Please file my notice of appeal.


BK final order appeal.pdf
707K

EXHIBIT 2

EXHIBIT B



# USPS PRIORITY MAIL

DON JURAVIN
11437 LINDEN DEPOT RD
SAN ANTONIO FL 33576-8301

Ship Date: 10/30/24
Legal Flat Rate Env

PRIORITY MAIL
U.S. POSTAGE PAID
Shippo
ePostage



CLERK OF BANKRUPTCY COURT
400 W WASHINGTON ST STE 5100
ORLANDO FL 32801-2443

USPS TRACKING # EP



9205 5903 4701 6730 0034 3875 30

 shippo 

# USPS Tracking®

FAQs >

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More** (https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove

Feedback

**Tracking Number:**

## 9205590347016730003438750

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered in or at the mailbox at 12:11 pm on November 1, 2024 in ORLANDO, FL 32801.

**Get More Out of USPS Tracking:**
   USPS Tracking Plus®

● **Delivered**
Delivered, In/At Mailbox
ORLANDO, FL 32801
November 1, 2024, 12:11 pm

● **Out for Delivery**
ORLANDO, FL 32801
November 1, 2024, 7:49 am

● **Arrived at Post Office**
ORLANDO, FL 32805
November 1, 2024, 7:38 am

● **Arrived at USPS Facility**
ORLANDO, FL 32805

November 1, 2024, 4:42 am

**Departed USPS Regional Facility**

SEMINOLE-ORLANDO FL DISTRIBUTION CENTER

November 1, 2024, 4:12 am

**Arrived at USPS Regional Facility**

SEMINOLE-ORLANDO FL DISTRIBUTION CENTER

October 31, 2024, 7:32 am

**In Transit to Next Facility**

October 31, 2024, 6:12 am

**Departed USPS Regional Facility**

YBOR CITY FL DISTRIBUTION CENTER

October 31, 2024, 4:56 am

**Arrived at USPS Regional Facility**

YBOR CITY FL DISTRIBUTION CENTER

October 31, 2024, 12:24 am

**Departed Post Office**

SAN ANTONIO, FL 33576

October 30, 2024, 4:00 pm

**USPS in possession of item**

SAN ANTONIO, FL 33576

October 30, 2024, 3:49 pm

**Shipping Label Created, USPS Awaiting Item**

SAN ANTONIO, FL 33576

October 30, 2024, 2:22 pm

**Hide Tracking History**

What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌃

**Postal Product:**
Priority Mail®

**Features:**
USPS Tracking®
Up to $100 insurance included. Restrictions Apply ⓘ

See Less ⌃

Track Another Package

Enter tracking or barcode numbers



EXHIBIT C



25-12181-EE

Don Karl Juravin et al v. Bella Collina Property Owners Association Inc. et al

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1, files this Certificate of Interested Persons and Corporate. Disclosure Statement, and certifies that the following is a complete list of all trial judges, attorneys, person, associations of person, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Bella Collina Property Owners Association Inc.
2. Presnell, Gregory A., presiding Senior Judge, U.S. District Court for the Middle District of Florida.
3. Vaughn, Lori V., presiding Judge, U.S. Bankruptcy Court for the Middle District of Florida.
4. Clerk of U.S. Bankruptcy Court For The Middle District of Florida.
5. Clerk of U.S. District Court For The Middle District of Florida.

*Don Karl Juravin_____/*

Don Karl Juravin /*Pro Se Appellant*/
11437 Linden Depot Rd
San Antonio, FL 33756
Don@Juravin.com
(813) 810-5100