Appeal No. 25-12181-EE

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

DON KARL JURAVIN,
ANNA JURAVIN
Appellants,

v.

BELLA COLLINA PROPERTY OWNERS ASSOCIATION INC.,
DENNIS D. KENNEDY
Appellees.

---

Appeal from the United States District Court for the Middle District of Florida
No. 5:24-cv-00597-GAP

Secondary Case Adv. Pro. No. 6:21-ap-00103-LVV
Primary Case No. 6:18-bk-6821-LVV

---

**APPELLANTS' OPENING BRIEF**

---

*Anna Juravin*
Anna Juravin /*Pro Se Appellant/*
11437 Linden Depot Rd
San Antonio, FL 33756
Anna@Juravin.com
(813) 500-9055

*Don Karl Juravin*
Don Karl Juravin /*Pro Se Appellant/*
11437 Linden Depot Rd
San Antonio, FL 33756
Don@Juravin.com
(813) 810-5100

Don Karl Juravin et al v. Bella Collina Property Owners Association Inc. et al

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellant pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1, files this Certificate of Interested Persons and Corporate. Disclosure Statement, and certifies that the following is a complete list of all trial judges, attorneys, person, associations of person, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Bella Collina Property Owners Association, Inc. – Appellee

2. James Timko, Esq., representing Appellee

3. Dennis D. Kennedy – Chapter 7 Trustee and Appellee

4. Vaughn, Lori V., presiding Judge, U.S. Bankruptcy Court for the Middle District of Florida.

5. Presnell, Gregory A., presiding Senior Judge, U.S. District Court for the Middle District of Florida.

6. U.S. Bankruptcy Court, Middle District of Florida, Orlando Division –

Originating tribunal

7. U.S. District Court, Middle District of Florida – Reviewing tribunal

8. Must Cure Obesity, Co. – Debtor entity

9. Don Karl Juravin – Debtor, Appellant, *pro se*

10. Anna Juravin – Defendant

11. Winderweedle, Haines, Ward & Woodman, P.A.,

12. Saxton, Bradley M., Esq.

13. Reynolds, Lauren M., Esq.

14. Ryan Law Group, PLLC,

15. James D. Ryan, Esq.

16. Lauren Schindler, Esq.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument. The issues presented can be fully and fairly resolved on the written record and authorities, and oral argument is not necessary for the Court's decisional process.

## TABLE OF CONTENTS

Page(s)

Certificate of Interested Persons and Corporate Disclosure Statement…………2, 3

Statement Regarding Oral Argument ......................................................................4

Table of Contents.................................................................................................4, 5

Table of Authorities.......................................................................................5, 6, 7

Jurisdictional Statement..................................................................................7, 8, 9

Statement of the Issues.........................................................................................10

Statement of the Case...................................................................... 11,12, 13, 14

Summary of the Argument.............................................................................15, 16

Argument................................................................................................................16

     I.    The bankruptcy court imposed the litigation death penalty without the predicates Eleventh Circuit law requires.........................................................16, 17

     II.    Denying a short continuance despite contemporaneous medical documentation violated due process and was an abuse of discretion…………17, 18

     III.    After denying all summary-judgment motions because trial was needed, the court terminated the five-day trial after Day 1 and vacated Days 2–5—short-circuiting fact-finding and compounding the sanction error.........18,19

IV.     Even assuming a default, the judgment cannot stand because the
Bankruptcy Court did not ensure a legally sufficient basis under Rule 55…...19, 20

V.      Harmless-error cannot salvage this judgment……………...……20, 21

Conclusion ..................................................................................................2, 22

Certificate Of Compliance ...................................................................................23

Certificate Of Service...........................................................................................23

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Betty K Agencies, Ltd. v. M/V Monada,*
        432 F.3d 1333 (11th Cir. 2005).................................……………...17

*Goforth v. Owens,*
        766 F.2d 1533 (11th Cir. 1985) …………………………………...17

*Malautea v. Suzuki Motor Co.,*
        987 F.2d 1536 (11th Cir. 1993) …………………………………...17

*Mathews v. Eldridge,*
        424 U.S. 319 (1976) …………………………….………………...18

*Nishimatsu Constr. Co. v. Houston Nat'l Bank,*
        515 F.2d 1200 (5th Cir. 1975)...............................................................20

*Rink v. Cheminova, Inc.,*
        400 F.3d 1286 (11th Cir. 2005) …………………………………...18

*Surtain v. Hamlin Terrace Foundation,*
        789 F.3d 1239 (11th Cir. 2015) …………………………..……...20

*Bonner v. City of Prichard,*
        661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).................................20

**Statutes**

11 U.S.C. § 727(d)(1) …………....…………………..……......…11,13, 16, 20

11 U.S.C. § 727(d)(2) …………………………....………...11,13, 16, 20

28 U.S.C. § 1334 ……………………………………...…………….8

28 U.S.C. § 157 ……………………………………...…………….8

28 U.S.C. § 158(a) ……………………………………..……….9

28 U.S.C. § 158(d)(1) …………………………………..……….8, 9

**Rules**

Fed. R. App. P. 4(a)(1)(A) …………………………………….………9

Fed. R. App. P. 32(a)(5)–(6) …………………………….…….23

Fed. R. App. P. 32(a)(7)(B) …………………………………...23

Fed. R. App. P. 32(f) ………………………………………….23

Fed. R. App. P. 32(g)(1) ………………………………………23

11th Cir. R. 32-4 ……………………………………….…….23

Fed. R. Civ. P. 50 …………………………………………….9

Fed. R. Civ. P. 52 ……………………………………………9

Fed. R. Civ. P. 55 ………………………………..……….11, 14, 19, 21, 22

Fed. R. Civ. P. 59 ……………………………………………9

Fed. R. Civ. P. 60 ……………………………………………9

**Other Authorities**

Bankr. M.D. Fla., 6:18-bk-06821-LVV, *Don Karl Juravin*….7, 8, 10, 11, 13

Bankr. M.D. Fla., 6:20-bk-01801-LVV, *Must Cure Obesity, Co*,.............7, 11

Bankr. M.D. Fla., Adv. No. 6:21-ap-00103-LVV……………7, 10, 11,12, 14

Bankr. M.D. Fla., Adv. No. 6:21-ap-00141-LVV, ....................................7, 11

Bankr. M.D. Fla., Adv. No. 6:21-ap-00142-LVV,………………………7, 11

Bankr. M.D. Fla., Adv. No. 6:22-ap-00016-LVV,……………………….8, 11

Bankr. M.D. Fla., Adv. No. 6:22-ap-00019-LVV, Doc. 36 (Oct. 1, 2024)

…………………………………………………………………………...8, 11

Bankr. M.D. Fla., Adv. No. 6:22-ap-00020-LVV………………..………8, 11

## JURISDICTIONAL STATEMENT

This appeal arises from six (6) adversary proceedings consolidated in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, in *In re Don Karl Juravin and Must Cure Obesity, Co.*, Case Nos. 6:18-bk-06821-LVV and 6:20-bk-01801-LVV, Adv. Nos.:

- 6:21-ap-00103-LVV, *Bella Collina Property Owners Association Inc. v. Don Karl Juravin,*

- 6:21-ap-00141-LVV, *Dennis D. Kennedy, as Trustee of the Estate of Don Karl Juravin v. Juravin Incorporated, an inactive Florida corporation, Juravin, Incorporated, a Florida Corporation, Anna Juravin,*

- 6:21-ap-00142-LVV, *Dennis D. Kennedy, as Trustee of the Estate of Don Karl Juravin v. Natural Vitamins Laboratory Corp., Karan Arora, PSR Developers, LLLP, United Medical Group International, Inc., Anna Juravin,*

- 6:22-ap-00016-LVV, *Dennis D. Kennedy, as Trustee of the Estate of Must Cure Obesity, Co. v. Juravinv Incorporated, an inactive Florida corporation, Juravin, Incorporated, a Florida Corporation, Anna Juravin,*

- 6:22-ap-00019-LVV, *Dennis D. Kennedy, as Trustee of the Estate of Must Cure Obesity, Co. v. Natural Vitamins Laboratory Corp., Karan Arora, PSR Developers, LLLP, United Medical Group International, Inc., Anna Juravin,*

- 6:22-ap-00020-LVV, *Dennis D. Kennedy, as Trustee of the Estate of Must Cure Obesity, Co. v. Don Karl Juravin, Anna Juravin.*

On September 30, 2024, the Bankruptcy Court entered a Memorandum Opinion striking Appellants' pleadings and entering default judgment *[Memorandum Opinion and Order Revoking Discharge of Debtor/ Final Judgment,* Bankr. M.D. Fla. Case No. 6:18-bk-06821, Doc. Nos. 1060 and 1061, filed on October 1, 2024].

Pursuant to 28 U.S.C. § 158(a), Appellant timely appealed that order to the United States District Court for the Middle District of Florida. The District Court affirmed.

This Court has jurisdiction under 28 U.S.C. § 158(d)(1), which provides appellate jurisdiction over final judgments of the district court entered under § 158(a). The District Court's affirmance constitutes a final order. The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 1334 and 157. The District Court exercised appellate jurisdiction under 28 U.S.C. § 158(a) in M.D. Fla. Case No.

5:24-cv-00597-GAP, entering orders on May 27, 2025, and June 5, 2025 - the "District Court Judgment/Orders" [*MEMORANDUM OPINION AND ORDER affirming the Bankruptcy Court's Memorandum Opinion, Final Judgment, and related Orders dated September 30, 2024, and Judgment,* Case No. 5:24-cv-00597-GAP, Doc. Nos. 59, 60 filed on May 27, 2025]. This Court has jurisdiction under 28 U.S.C. § 158(d)(1) to review the District Court's final judgment disposing of the appeal. Appellant filed a notice of appeal on June 25, 2025, within 30 days of the June 5, 2025 order, as required by FRAP 4(a)(1)(A) (incorporated by FRAP 6(b)). No post-judgment motion tolling the time to appeal under Fed. R. Civ. P. 50, 52, 59, or 60 was filed.

Appellant timely filed a notice of appeal within thirty days of the District Court's entry of judgment, satisfying Fed. R. App. P. 4(a)(1) [*Notice Of Appeal,* Case No. 5:24-cv-00597-GAP, Doc. No. 66 docketed on June 26, 2025].

Standard of appellate review posture: In bankruptcy appeals, this Court reviews the bankruptcy court's decision directly—de novo on legal questions, for clear error on findings of fact, and for abuse of discretion on sanctions, case-management rulings, and continuances—without deference to the district court's intermediate conclusions.

## STATEMENT OF THE ISSUES

1. Terminating Sanctions / Default. Whether the bankruptcy court abused its discretion by striking Appellant's pleadings and entering default/default judgment as a sanction without (a) findings of willful or bad-faith noncompliance and (b) consideration of lesser sanctions; and whether the district court erred in affirming that disposition.

2. Due Process & Continuance. Whether the court violated due process and exceeded the bounds of permissible discretion by denying a short continuance despite unrebutted medical documentation (Feb. 23 and Feb. 27, 2024 filings [*Joint Emergency Motion by Defendants to Protect Due Process Rights,* and *Emergency Notice Re: Defendant's Health,* Adv. No. 6:21-ap-00103-LVV, Doc. Nos. 415, 416 filed on Feb 23, 2024] and then concluding the 5-day trial after Day 1 (Feb. 26, 2024) while vacating the remaining four trial days, thereby depriving Appellant of a meaningful opportunity to be heard. *[Order Concluding Trial,* Bankr. M.D. Fla. Case No. 6:18-bk-06821, Doc. No. 1031, filed on Feb. 27, 2024].

3. Trial Required → Trial Eliminated. Whether, after denying all summary-judgment motions because factual disputes required trial, the Bankruptcy Court's decision to terminate a scheduled five-day trial after the first day and vacate Days 2–5 short-circuited the necessary fact-finding and thus constituted an abuse of discretion and a due-process violation.

4. Rule 55 / Merits Sufficiency. Whether, even assuming default, entry of judgment was improper because the Bankruptcy Court failed to ensure a sufficient legal and evidentiary basis for the relief awarded, including the elements required to revoke discharge under 11 U.S.C. § 727(d)(1) and (d)(2) and any associated monetary or equitable remedies.

## STATEMENT OF THE CASE

A. Proceedings and Parties

This appeal arises from consolidated adversary proceedings within Debtors' substantively consolidated Chapter 7 cases Bankr. M.D. Fla. Nos. 6:18-bk-06821-LVV; 6:20-bk-01801-LVV [*Order Granting Motion To Consolidate Cases (Substantive Consolidation*), Case No. 6:18-bk-06821-LVV, Doc. No. 939, filed on November 28, 2023]. The consolidated adversary lead matter is Adv. No. 6:21-ap-00103-LVV consolidated with 6:21-ap-00141; 6:21-ap-00142; 6:22-ap-00016; 6:22-ap-00019; 6:22-ap-00020. Bella Collina Property Owners Association, Inc. ("POA") is Appellee/Plaintiff; Dennis D. Kennedy is the Chapter 7 Trustee (Appellee). Don Karl Juravin is the Appellant/Debtor (pro se). *[Order Granting Motion To Consolidate Cases. Adversary case no. 6:21-ap-00103-LVV is designated as the Lead Case,* Case No. 6:21-ap-00103-LVV, Doc. No. 54, filed February 8, 2023].

B. Pretrial Rulings: Summary Judgments Denied; Five-Day Trial Set

Before trial, the Bankruptcy Court denied all parties' motions for summary judgment, expressly concluding that trial was needed to resolve disputed issues [*Order Denying Motion For Summary Judgment to Revoke Discharge,* Doc. No. 167, filed on October 5, 2023, *Order Denying Renewed Joint Motion For Summary Judgment to Revoke Discharge,* Doc. No. 311, filed on January 29, 2024, two *Orders Denying Motions For Summary Judgment of Defendants,* Doc. No. 323, 327, filed on January 30, 2024]. The court entered a scheduling order setting a five-day consolidated trial beginning on February 26, 2024. [*Order Establishing Trial Procedures* dated January 26, 2024].

C. Emergency Filings and the Court's Day-1 Termination of Trial

On February 23, 2024, Appellant filed an Emergency Notice re: Health and a Joint Emergency Motion to Protect Due Process Rights, supported by medical documentation. On February 27, 2024, he filed an Emergency Motion to Reschedule Hearing on February 26, 2024. [*Emergency Motion to Reschedule Hearing On February 26, 2024,* Adv. No. 6:21-ap-00103-LVV, Doc. No. 420, filed on February  27, 2024].

Despite these filings, on February 26, 2024 (Day 1) the court concluded the trial and vacated the remaining four trial days (Days 2–5). *See Memorandum Opinion*

*and Order Revoking Discharge of Debtor/ Final Judgment,* Bankr. M.D. Fla. Case No. 6:18-bk-06821, Doc. Nos. 1060 and 1061, filed on October 1, 2024., and *Transcript Regarding Hearing Held 2/26/2024 on Trial Proceedings,* Doc. No. 1082, filed on January 16, 2025. The court later struck Appellant's pleadings and entered default/default judgment as a sanction.

D. Final Judgment and Relief Awarded

On September 30, 2024, the Bankruptcy Court entered Final Judgment revoking discharge under 11 U.S.C. § 727(d)(1) and (d)(2) and awarding associated relief. [*Memorandum Opinion and Order Revoking Discharge of Debtor/ Final Judgment,* Bankr. M.D. Fla. Case No. 6:18-bk-06821, Doc. Nos. 1060 and 1061, filed on October 1, 2024]. Appellant and Anna Juravin filed a Notice of Appeal from the Bankruptcy Court's September 30, 2024, orders on October 14, 2024.

E. District-Court Disposition and Current Appeal

In M.D. Fla. Case No. 5:24-cv-00597-GAP, the district court entered a final judgment on May 27, 2025, and an order on sanctions on June 5, 2025, adverse to Appellant. [*MEMORANDUM OPINION AND ORDER affirming the Bankruptcy Court's Memorandum Opinion, Final Judgment, and related Orders dated September 30, 2024, and Judgment,* Case No. 5:24-cv-00597-GAP, Doc. Nos. 59,

60 filed on May 27, 2025, and *Order on Sanctions,* Doc. No. 64, filed on June 6, 2025]. Appellant filed a Notice of Appeal to the Eleventh Circuit on June 26, 2025, within 30 days of the June 5 judgment. *[Notice of Appeal,* Case No. 5:24-cv-00597-GAP, Doc. No. 66, filed on June 26, 2025]

F. Issues on Review

Appellant challenges (1) the terminating sanctions and default/default judgment imposed without findings of willfulness/bad faith or consideration of lesser sanctions; (2) the denial of a short continuance despite unrebutted medical documentation and the court's termination of trial after Day 1 and vacatur of Days 2–5; and (3) the legal sufficiency of the pleadings/record to support judgment under Rule 55 and § 727(d). These issues were preserved by the emergency filings, objections, and post-ruling challenges cited above. [*Emergency Notice Re: Defendant's Health Filed by Interested Party Anna Juravin,* Adv. No. 6:21-ap-00103-LVV, Doc. Nos. 416 filed on Feb 23, 2024].

**SUMMARY OF THE ARGUMENT**

Default/default judgment is a litigation death penalty reserved for truly egregious conduct. The Bankruptcy Court imposed it without the required predicates: no finding of willfulness or bad faith and no analysis explaining why lesser sanctions

would not suffice. That alone warrants vacatur because Eleventh Circuit law demands both predicates before a terminating sanction is used, and nothing in the record fills those gaps.

The court also denied a short continuance despite contemporaneous, unrebutted medical documentation. Due process guarantees a meaningful opportunity to be heard. Reasonable, low-cost alternatives were available—brief reset to the already-reserved dates, remote participation, staged proof—but the court refused all accommodation and then entered default. That combination exceeded the range of permissible choices and undermined the fairness of the proceeding.

The error is amplified by the court's own pretrial rulings. After denying all summary-judgment motions because factual disputes required a trial, the court ended the five-day trial after Day 1 (February 26, 2024) and vacated Days 2–5. Having declared that live fact-finding was necessary, the court short-circuited that process and imposed the harshest sanction without trying lesser measures. That inconsistency confirms the abuse of discretion and the due-process problem.

Even if a default were appropriate, judgment still cannot stand without a legally sufficient basis in the pleadings and record. The court was required to ensure that the well-pleaded allegations and evidence establish every element of the claims—particularly the demanding elements for revocation of discharge under 11

U.S.C. § 727(d)(1) and (d)(2)—and that any relief awarded is supported and properly measured. The record does not meet that standard.

The cumulative effect is decisive: no required sanction findings, denial of reasonable accommodation, elimination of a trial the Court itself said was necessary, and no merits sufficiency check. The judgment should be reversed and the case remanded with instructions to vacate the default/default judgment, consider only lesser sanctions if warranted, provide modest accommodations to ensure a meaningful opportunity to be heard, and adjudicate the claims on the merits.

**ARGUMENT**

I. The bankruptcy court imposed the litigation death penalty without the predicates Eleventh Circuit law requires.

Standard of Review: Abuse of discretion; legal predicates reviewed de novo.

A terminating sanction (striking pleadings and entering default/default judgment) demands a "clear record of willful or bad-faith noncompliance" and an express finding that lesser sanctions would be inadequate. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337–39 (11th Cir. 2005); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542–46 (11th Cir. 1993); Goforth v. Owens, 766 F.2d 1533,

1535–36 (11th Cir. 1985). Those safeguards are not optional—this Court vacates when the record or the order lacks them. See Betty K, 432 F.3d at 1339 (vacating for failure to consider lesser sanctions).

Here, the order contains no finding of willfulness or bad faith tied to record facts and no analysis of lesser measures. The court did not try, or even discuss, incremental tools: targeted monetary sanctions; explicit warning orders; short extensions with compliance milestones; tailored evidentiary limits; or remote participation. See Malautea, 987 F.2d at 1542–46 (upholding severe sanctions only where repeated, willful violations and lesser tools had failed). Because the court skipped both predicates, the sanction exceeded the permissible range and must be vacated. Goforth, 766 F.2d at 1535–36.

II. Denying a short continuance despite contemporaneous medical documentation violated due process and was an abuse of discretion.

Standard of Review: Due-process questions de novo; denial of continuance for abuse of discretion.

Due process guarantees "an opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333–35 (1976). Eleventh

Circuit review of continuance denials assesses the circumstances and prejudice for abuse of discretion. Rink v. Cheminova, Inc., 400 F.3d 1286, 1296 (11th Cir. 2005).

Appellant filed unrebutted medical documentation and proposed low-cost accommodations: a brief reset into the already-reserved trial days, staged proof, or remote participation. The court refused any accommodation and then imposed default. That sequence deprived Appellant of a meaningful chance to present testimony, cross-examine, and offer rebuttal—functions that the court itself had earlier deemed necessary when it denied summary judgments. Under Mathews and Rink, refusing modest schedule adjustments (especially when trial days were already reserved) falls outside the range of permissible choices and warrants reversal.

III. After denying all summary-judgment motions because trial was needed, the court terminated the five-day trial after Day 1 and vacated Days 2–5—short-circuiting fact-finding and compounding the sanction error.

Standard of Review: Abuse of discretion; due-process issues de novo.

The Bankruptcy Court's SJ denials acknowledged genuine factual disputes requiring live testimony and credibility determinations. Having held that only a trial could resolve those disputes, the court then ended the trial on Day 1 (Feb. 26,

2024) and vacated the remaining four days, foreclosing the very opportunity it had said was necessary. That inconsistency matters: a court cannot announce that a merits trial is required and then short-circuit it with a terminating sanction without the Betty K/Malautea/Goforth predicates. The Day-1 termination and vacatur also aggravated prejudice from the denied continuance—Appellant lost the chance to participate on the dates set aside for evidence once his condition abated. Vacatur and remand are required so the case can be adjudicated on the merits, or at minimum so any sanction decision is made only after findings on willfulness/bad faith and the inefficacy of lesser alternatives.

IV. Even assuming a default, the judgment cannot stand because the Bankruptcy Court did not ensure a legally sufficient basis under Rule 55.

Standard of Review: De novo (legal sufficiency); abuse of discretion (entry of default judgment).

A default does not "operate as an absolute confession of liability" for elements not properly pleaded; the court must determine there is a sufficient basis in the pleadings (and record, where relief requires proof). Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245–47 (11th Cir. 2015) (quoting Nishimatsu Constr. Co.

v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975))[1]. That duty is heightened where the default functions as a merits-ending sanction.

Here, the judgment rests on 11 U.S.C. § 727(d)(1) and (d)(2). Those provisions require demanding showings (e.g., that the discharge was obtained through the debtor's fraud that was not known to the movant until after discharge; or that the debtor acquired property of the estate, and knowingly and fraudulently failed to report/turn it over). The court was obliged to confirm that the operative pleadings allege every element with the requisite specificity and that any monetary or equitable relief is supported and properly measured. See Surtain, 789 F.3d at 1245–47; Nishimatsu, 515 F.2d at 1206. On this record, those showings are not established claim-by-claim. At minimum, remand is required for a sufficiency check with specific findings, separate from the sanctions rationale.

V. Harmless-error cannot salvage this judgment.

The errors are structural and outcome-determinative. The court (1) imposed a terminating sanction without required findings; (2) denied any accommodation and then erased four trial days that it had set for fact-finding; and (3) entered judgment without the Rule 55 sufficiency determination. Each error independently prejudiced Appellant's ability to present his case; together they foreclose any

---

[1] Former Fifth Circuit decisions issued before October 1, 1981 are binding in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

harmless-error argument. See Betty K, 432 F.3d at 1339 (vacating where lesser-sanctions finding was missing); Surtain, 789 F.3d at 1245–47 (courts must ensure a sufficient basis before entering default judgment).

## CONCLUSION

The judgment cannot stand. The bankruptcy court imposed the litigation death penalty without the required findings of willfulness/bad faith and without considering lesser sanctions; it denied modest, documented medical accommodations and then terminated a five-day trial after Day 1, vacating the remaining days; and—even assuming default—it failed to conduct the Rule 55 sufficiency check to ensure a lawful basis for relief. Those errors, individually and cumulatively, require reversal.

Appellant respectfully asks this Court to reverse the district court's judgment and remand with instructions that the bankruptcy court:

(1) vacate the default/default judgment;

(2) if sanctions are still contemplated, consider lesser sanctions and make predicate findings supported by the record;

(3) provide reasonable accommodations to ensure a meaningful opportunity to be heard (including remote participation or a short reset); and

(4) adjudicate the claims on the merits consistent with the court's prior determination that factual disputes required trial.

In the alternative, at minimum, the Court should vacate and remand for a proper Rule 55 legal-sufficiency determination with specific findings and any further relief the Court deems just.

Dated: October 9, 2025.


*Anna juravin*
Anna Juravin */Pro Se Appellant/*
11437 Linden Depot Rd
San Antonio, FL 33756
Anna@Juravin.com
(813) 500-9055

*Don karl juravin*
Don Karl Juravin */Pro Se Appellant/*
11437 Linden Depot Rd
San Antonio, FL 33756
Don@Juravin.com
(813) 810-5100

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1) and 11th Cir. R. 32-4, I certify that this brief:

1. Complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2969 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and

2. Complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon Appellees via electronic mail on October 9, 2025.

*Anna juravin*_____
Anna Juravin /*Pro Se Appellant/*
11437 Linden Depot Rd
San Antonio, FL 33756
Anna@Juravin.com
(813) 500-9055

*Don karl juravin* _____
Don Karl Juravin /*Pro Se Appellant/*
11437 Linden Depot Rd
San Antonio, FL 33756
Don@Juravin.com
(813) 810-5100